**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

DONOVAN REALTY, LLC; and
ZERTECK, INC.,

                                        Plaintiffs,

        v.                                                              No. 07-CV-905
                                                                            (DRH)

LEE DAVIS, Town of New Baltimore Planning
Board Chairperson; JAMES COE, Town of New
Baltimore Planning Board Vice Chair; JOHN
MURRAY, Town of New Baltimore Planning Board
Secretary; KENNETH KUDER, Town of New
Baltimore Planning Board Member; ERIC HOGLAND,
Town of New Baltimore Planning Board Member;
HOWARD GOLDSON, Town of New Baltimore
Planning Board Member; ALTA TURNER, Town of
New Baltimore Planning Board Member; and TOWN
OF NEW BALTIMORE,
                                        Defendants.

_____

**APPEARANCES:**                              **OF COUNSEL:**

MATTHEW SGAMBETTERA, ESQ.
Attorney for Plaintiffs
323 Ushers Road
Post Office Box 1550
Clifton Park, New York 12065

CARTER, CONBOY, CASE, BLACKMORE,          LUKE C. DAVIGNON, ESQ.
   MALONEY & LAIRD, P.C.                    MICHAEL J. MURPHY, ESQ.
20 Corporate Woods Boulevard
Albany, New York 12211

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### MEMORANDUM-DECISION AND ORDER

        Plaintiffs Donovan Realty, LLC and Zerteck, Inc. ("plaintiffs") brought this action

pursuant to 42 U.S.C. § 1983 alleging that defendants, the Town of New Baltimore and six

members on its Planning Board ("defendants"), violated plaintiffs' constitutional rights under the Fifth and Fourteenth Amendments concerning plaintiffs' use of a portion of their property. Compl. (Docket No. 1).  Presently pending is defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Docket No. 27.  Plaintiffs oppose the motion and alternatively move for leave to amend their complaint.  Docket No. 33.  For the reasons which follow, defendants' motion is granted and plaintiffs' motion to amend is denied.

## I. Background

The facts are related in the light most favorable to plaintiffs as the non-moving parties. See subsection II(A) infra.

Donovan Realty owns a parcel of property in New Baltimore which is leased to Zerteck.  Compl. ¶¶ 17-18; Geiger Aff. (Docket No. 33-3) §§ 2-3.  Zerteck uses the property as a retail facility for the sale and service of boats and recreational vehicles ("RVs").  Compl. ¶¶ 18-19; Geiger Aff. § 3.  In order to stock the business properly, Zerteck uses an overflow parking lot on Donovan's parcel to maintain sold units and make room for new inventory. Compl. ¶¶ 21-22; Geiger Aff. §§ 4-6.  Generally, units sold in the off-season (Fall, Winter, and Spring) are transported and held in the overflow lot until the buyers take delivery of  their merchandise.  Compl. ¶¶ 22-24; Geiger Aff. ¶ 7.

Pursuant to approved site plans, the intended use for the overflow lot was "an area to be used solely for RV 'camping' sites."  Docket No. 27-21 at 2.  This differs from plaintiffs' current use as a storage lot for purchased vehicles in the off-season.  On March 27, 2006, defendants notified plaintiffs that their current use of the overflow lot violated the approved

site plans of 2002 and 2004 and requested that plaintiffs remove the units from the lot.  Davis

Aff. (Docket No. 27-8)  ¶ 3; Docket No. 27-21; <u>see</u> <u>also</u> Geiger Aff. ¶ 8.  The notice detailed

the history of the plans, including the most recent amendment which had terminated on

March 11, 2006.  Docket No. 27-21 at 1.[1]

On July 10, 2007, plaintiffs requested that defendants place them on the agenda to

make an informal presentation of "its plans for filing an amended site plan for the facility."

Docket No. 27-19.  Plaintiffs were included on the agenda for the meeting on July 12.  Davis

Aff. ¶ 6.  On July 12, 2007, plaintiffs reported their progress to defendants and "discuss[ed]

plans to apply for an amendment to the site plan to allow storage of boats and RV's in areas

not [currently] authorized . . . ."  Davis Aff. ¶ 7; <u>see</u> <u>also</u> Coe Aff. (Docket No. 27-10) ¶ 3;

Kuder Aff. (Docket No. 27-11) ¶ 3; Hogland Aff. (Docket No. 27-12) ¶ 3; Turner Aff. (Docket

No. 27-13) ¶ 3; Geiger Aff. § 10.  Minutes from the meeting indicate that (1) defendants were

pleased with the completed landscaping, (2) defendants were not interested in granting

piecemeal amendments to the site plans concerning the usage of the overflow lot, (3)

defendants felt that the current storage of purchased boats and RVs was unsightly given the

original plans for that area to be green space, (4) plaintiffs expressed their need to maintain

storage in the overflow lot to remain competitive and continuing to operate a successful local

business, and (5) both parties agreed to meet at plaintiffs' property in a few days to attempt

---

[1] During the same time period, defendants also requested plaintiffs comply with
landscaping provisions in the site plan.  Davis Aff. ¶ 3.  The parties informally agreed on a
date by which the landscaping would be completed, the landscaping was not properly
undertaken, and defendants referred plaintiffs for a code enforcement action.  <u>Id.</u>  ¶ 4;
Docket No. 27-22 at 1.  After the initiation of the enforcement action, plaintiffs continued
working on the necessary landscaping.  Davis Aff. ¶ 5.

to resolve the conflict between defendants' aesthetic concerns and plaintiffs' need for the overflow lot.  Docket No. 27-16 at 2-3, 5-7, 9-10, 14-15.

On July 13, 2007, Sgambettera cancelled defendants' site visit.  Docket No. 27-23.  Sgambettera cited the "board's position that members will 'under no circumstances allow my client to park vehicles in the overflow parking lot on the property' regardless of [the] . . . proposed amendment to the existing site plan."  Id.  On August 27, 2007, plaintiffs filed the present action.  Compl.

On August 22, 2008, during a conference with the Court, defendants indicated that despite a six-month retention policy for all town meeting recordings, the recording of the July 12, 2007 meeting could not be located and may have been destroyed.  Sgambettera Aff. (Docket No. 33-2) at 1-4; Docket No. 33-2, Ex. A.  Sgambettera requested information on the location and existence of the tape, but his requests went unanswered until October 21, 2008 when the tape was discovered.  Sgambettera Aff. ¶¶ 6-9; Docket No. 33-2, Exs. B, C.  After reviewing the tape and transcript, Sgambettera concluded that the recording had been altered and was not a true copy of the July 12, 2007 meeting which he had attended.  Id. ¶¶ 10-11; Geiger Aff. ¶¶ 15-17.  "Specifically, the recording and transcript do not contain [defendant] Davis' statement that under no circumstances would the Planning Board ever consider granting the Plaintiffs' request for a site plan amendment at their New Baltimore property."  Sgambettera Aff. ¶ 11; see also Geiger Aff. ¶¶ 11-13.  Defendant Davis, as well as other board members who attended that meeting, deny Davis ever made such a statement.  Davis Aff. ¶ 11; Coe Aff. ¶ 3; Kuder Aff. ¶ 3; Hogland Aff. ¶ 3; Turner Aff. ¶ 3.  It

4

is undisputed that plaintiffs never filed a site plan application or application for modification of the approved site plan.  Loux Aff. (Docket No. 27-9) ¶ 4.

## II. Discussion

Plaintiffs assert that denial of the site plan permit amendment was a taking without just compensation in violation of both their substantive and procedural due process rights. Defendants contend that this issue is not ripe for review because plaintiffs failed to exhaust their administrative remedies and because plaintiffs' claims lack merit.

## A. Legal Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts.  Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact

could find in favor of the non-moving party for a court to grant a motion for summary

judgment.  Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994);

Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).


**B. Ripeness**

The ripeness doctrine rests upon the "case and controversy" requirements of Article III

and the "prudential limitations on the exercise of judicial authority."  Murphy v. New Milford

Zoning Com'n, 402 F.3d 342, 347 (2d Cir. 2005) (citations omitted).  The doctrine is designed

to prevent courts from premature involvement in disputes before others with authority to

resolve the issues have had an opportunity to act.  Id. (citations omitted).

The Supreme Court has established requirements for land-use cases requiring a

showing "that (1) the state regulatory entity has rendered a final decision on the matter, and

(2) the plaintiff has sought just compensation by means of an available state procedure."

Dougherty v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir.

2002) (citing Williamson County Regional Planning Com'n v. Hamilton Bank of Johnson, 473

U.S. 172, 191-95 (1985)).[2]  A final decision is "a definitive position on the issue that inflicts an

actual, concrete injury."  Williamson, 473 U.S. at 193.  The final decision requirement serves

four important purposes:

---

[2] "Seeking a state remedy is not required for a substantive due process claim based
on arbitrary and capricious conduct."  Goldfine v. Kelly, 80 F. Supp. 2d 153, 161 n.2
(S.D.N.Y. 2000) (citing Southview Assocs., Ltd. v. Bongartz, 980 F.2d 84, 96-97 (2d Cir.
1992)).

6

> 1) it helps the court develop a full factual record on the nature of
> the dispute; 2) it prevents ambiguity as to how the land use board
> will apply the regulations to the property at issue; 3) it enables
> aggrieved parties to obtain relief without the federal court ruling on
> constitutional grounds; and 4) it respects the concern under
> federalism that 'land use disputes are uniquely matters of local
> concern' whose resolution should be left in the hands of local
> officials whenever appropriate.

Mastej v. Bolduc, No. 05-CV-645 (JCH), 2006 WL 1867712, at *2 (D. Conn. July 5, 2006)

(citing Murphy, 402 F.3d at 348)).

In this case, the record is clear that no application for modification was formally filed or

decided.  Therefore, no final decision has been rendered.  However, the Second Circuit has

recognized that enforcement of the finality requirement must yield when an application would

be futile.  Murphy, 402 F.3d at 349 (citing Southview Assoc., 980 F.2d at 99 n.8 ("Although a

taking claim will not be ripe without final decision, [a] property owner is of course not required

to resort to piecemeal litigation or otherwise unfair procedures in order to obtain this

determination.") (internal quotation marks and citations omitted)).

Debate over the precise contours of the futility exception abound.  However, the

Second Circuit directs application of the futility exception when a board "has dug in its heels

and made clear that all such applications will be denied."  Murphy, 402 F.3d at 349

(citing Southview Assoc., 980 F.2d at 98-99 (refusing to apply exception where plaintiffs

submitted one application for a permit and where "[t]he Board's rejection . . . in no way

preclude[d plaintiffs] from submitting another proposal . . . [or indicated whether the Board

would] deny approval for all uses that would enable the plaintiffs to derive economic benefit

from the property." (internal quotation marks and citations omitted)); RKO Delaware, Inc. v.

7

The City of New York, No. 00-CV-2592 (DGT), 2001 WL 1329060, at *3 (E.D.N.Y. Aug. 30, 2001) (discussing how futility does not apply where "it could be inferred that the agency would be receptive to other proposals from the claimant.") (citations omitted).  Thus, in situations where the Court cannot determine whether some development would be permitted by subsequent land use applications, a final decision is necessary for judicial review. See Williamson, 473 U.S. at 188 ("It appears that variance could have been granted to resolve at least five of the . . . eight objections . . . ; [n]evertheless, respondent did not seek variances from either the Board or Commission . . . [and cannot] maintain that the Commission's [initial] disapproval . . . was equivalent to a final decision that no variances would be granted."); Southview Assoc., 980 F.2d at 99 (stating that a single denial regarding one particular proposal does not indicate a final position on land development for the entire land in question since further development could be permitted); but see Goldfine v. Kelly, 80 F. Supp. 2d 153, 160 (S.D.N.Y. 2000) (concluding that "[t]he Second Circuit has refused to apply the futility exception to the final decision requirement where the plaintiff has submitted and had denied only one application for a land-use permit.").

Additionally, "courts . . . consider[] the defendant's hostility, delay and obstruction in application of the futility exception."  Goldfine, 80 F. Supp. 2d at 160.  A plaintiff fails to demonstrate futility if the plaintiff's showing is limited to 1) allegations of hostility to the plaintiff unless the prospect of refusal of the plaintiff's application is certain, and 2) conclusory allegations alleging bad faith and malicious intent.  See Homefront Org., Inc.v. Motz, 570 F. Supp. 2d 398, 408 (E.D.N.Y. 2008) (citing Goldfine, 80 F. Supp. 2d at 160-61;

8

County View Estates @ Ridge LLC v. Town of Brookhaven, 452 F. Supp. 2d 142, 154 (E.D.N.Y. 2006)).

In this case, plaintiffs claim that seeking a final decision was futile based on defendant Davis' statements.  Plaintiffs have submitted two affidavits from individuals that attended the meeting on July 12, 2007 stating that Davis indicated "that under no circumstances would the Planning Board ever consider granting the Plaintiffs' request for a site plan amendment at their New Baltimore property."  Sgmbettera Aff. ¶ 11; Geiger Aff. ¶¶ 11-13.  Viewing evidence in the light most favorable to the plaintiffs, these statements indicate a clear intent by defendants not to approve any modifications for approval to use the overflow lot.  Plaintiffs support this contention with sworn affidavits and questions concerning the validity of the tape recording of the meeting and the transcript.  Plaintiffs' showing is more than conclusory allegations and, if credited, evince a board that has "dug its heels in" and refuses to consider any applications for modifications.  Granting plaintiffs the full benefit of the evidence submitted, there exists no likelihood that defendants will consider plaintiffs' request for modification and a final, formal determination by defendants is unnecessary for judicial review.  Therefore, defendants' motion is denied on this ground with respect to the substantive due process claims.

However, with respect to plaintiffs' Fifth Amendment takings claim, plaintiffs have failed to satisfy the second prong of the ripeness analysis.  "[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation."  Williamson, 473 U.S. at 195.  New York law provides both that "private

9

property shall not be taken for public use without just compensation" and that a de facto

taking occurs when there is "legal interference with the physical use, possession or

enjoyment of the property or a legal interference with the owner's power of disposition of the

property." RKO Delaware, 2001 WL 1329060, at *5 (quotation marks and citations omitted).

Because plaintiffs "ha[ve] never sought compensation in the New York State courts, its

takings claim is not ripe . . . ." Id.

Accordingly, defendants' motion for summary judgment is granted on this ground with

respect to the Fifth Amendment takings claims.[3]

_____

[3] Even if plaintiffs' Fifth Amendment claim was ripe, it would still fail.  Generally, a
taking requires a regulation depriving a land-owner of all economically viable uses for the
property.  See generally Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1030
(1992).  Thus, a mere diminution in value or inability to exploit property to the fullest
economic extent are insufficient to support a Fifth Amendment violation.  Penn Cent.
Transp. Co. v. City of New York, 438 U.S. 104, 124-25 (1978).  As indicated by the original
site plan, plaintiffs will not lose their ability to engage in boat and RV sales but must keep
that activity, and the excess and sold inventory, out of the overflow lot which is designated
a "green" camping area.  Docket No. 27-12 at 2.  Plaintiffs' frustration with the potential
freeze in the useable size of their retail venture is insufficient to establish a constitutional
claim because the potential denial of the site modification would not constitute a total
economic deprivation of the land's value.

**C. Substantive Due Process**[4]

The Second Circuit has found a constitutionally protected property interest in land use regulation "only if there is an entitlement to the relief sought by the property owner." Gagliardi v. Vill. of Pawling, 18 F.3d 188, 192 (2d Cir.1994) (citing RRI Realty Corp. v. Inc. Vill. of Southampton, 870 F.2d 911, 918 (2d Cir. 1989)).  The core of the inquiry lies in the amount of discretion granted to the entity denying plaintiff the alleged entitlement.  Id. ("Where a local regulator has discretion with regard to the benefit at issue, there normally is no entitlement to that benefit."); RRI Realty Corp., 870 F.2d at 918 ("Even if in a particular case, objective observers would estimate that the probability of issuance was extremely high, the opportunity of the local agency to deny issuance suffices to defeat the existence of a federally protected property interest.").  Thus, a constitutionally protected right is only found where "the discretion of the issuing agency is so narrowly circumscribed that approval of a proper application is virtually assured."  RRI Realty Corp., 870 F.2d at 918.

In this case, plaintiffs have failed to prove a federally protected property interest because they have demonstrated no entitlement to approval of the modifications changing

---

[4] In the event a constitutionally protected interest is found, the substantive due process analysis goes a step further to determine whether defendants' actions amounted to arbitrary and capricious conduct.  Natale v. Town of Ridgefield, 170 F.3d 258, 263 (2d Cir. 1999).  Actions which are undertaken for legitimate reasons do not constitute arbitrary actions.  Lisa's Party City, Inc. v. Town of Henrietta, 185 F.3d 12, 17 (2d Cir. 1999). Because defendants' purported reasons for disagreeing with plaintiffs' current use of the overflow lot was representative of defendants' intent and purpose to "promote the health, safety and general welfare of the Town [through a] clean [and] attractive environment." defendants' concerns were legitimate, as were their actions.  Thus, to the extent that a federally protected property interest could be found, plaintiffs have still failed to show that defendants' actions were arbitrary or capricious.

the overflow lot into a storage area.  It is undisputed that defendants possessed the authority to approve or disapprove all submitted site plans.  Docket No. 27-18 ¶ 90-4.  Additionally, site plan modifications such as those sought in this case are not included within the list of exempted uses for which no approval from defendants was required.  Id. § 90-7.  Because defendants are vested with such vast discretion in approving site plans and modifications, plaintiffs cannot establish that approval of their modification was virtually assured.

Accordingly, defendants' motion is granted on this ground.


### D. Procedural Due Process

"The deprivation of a procedural right to be heard . . . is not actionable when there is no protected right at stake."  Gagliardi, 18 F.3d at 193.  As discussed supra, plaintiffs have no constitutionally protected property right in having their site modification application approved.  Therefore, they have failed to demonstrate a colorable claim for deprivation of procedural due process.  Defendants' motion is granted on this ground.


### E. Leave to Amend

Fed. R. Civ. P. 15(a) requires that leave to amend be "freely given when justice so requires."  Forman v. Davis, 371 U.S. 178, 182 (1962).  Freely granting leave to amend a complaint "facilitate[s] a proper decision on the merits" and identifies the material issues of the case.  Id.  Therefore, "absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility," the motion should be freely granted."  See Deal v. Yurak, No. 04-CV-0072 (LEK/DEP), 2007 WL 2789615 at *5 (N.D.N.Y.

Sept. 24, 2007)(citing <u>Forman</u>, 371 U.S. at 182); <u>see</u> <u>also</u> <u>State Teachers Ret. Bd. v. Fluor</u>

<u>Corp.</u>, 654 F.2d 843, 856 (2d Cir. 1981).

      Amending a complaint is futile where the proposed amendment does not cure the

deficiencies in the original complaint, <u>Acito v. Imcera Group, Inc.</u>, 47 F.3d 47, 55 (2d Cir.

1995), or it would not survive a motion to dismiss.  <u>Ricciuti v. N.Y.C. Transit Auth.</u>, 941 F.2d

119, 123 (2d Cir. 1991).  Therefore, to determine whether the proposed amendment is futile,

a court must apply "the same analysis as that applied on a motion to dismiss" under Fed. R.

Civ. P. 12(b)(6).  <u>Stetz v. Reeher Enterprises, Inc.</u>, 70 F. Supp. 2d 119, 121 (N.D.N.Y. 1999).

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.

      As discussed <u>supra</u>, it is undisputed that defendants possess considerable discretion

in approving or disapproving site plans and amendments.  Thus, even if plaintiffs amended

their complaint to assert further the substantive components, it would be futile since plaintiffs

would be unable to state an actionable claim.  Given the discretion held by defendants,

plaintiffs cannot demonstrate a federally protected property interest.  Accordingly, plaintiffs'

request for leave to amend the complaint is denied.


### III.  Conclusion

      For the reasons stated above, it is hereby **ORDERED** that:

           1. Defendants' motion for summary judgment (Docket No. 27) is **GRANTED** as

to all claims and all defendants; and

 2. Plaintiffs' request for leave to amend their complaint is **DENIED**.

**IT IS SO ORDERED.**

DATED:  May 27, 2009
           Albany, New York

United States Magistrate Judge

14